# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW VARGAS, | 1:08-cv-01930-OWW-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| KELLY HARRINGTON, | [Doc. 12] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

## BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation following his March 24, 1998, conviction of two counts of attempted murder and one count of first degree murder with a special circumstance that the murder was a "drive-by" shooting within the meaning of California Penal Code[2] section 190.2(21). Petitioner was sentenced to a determinate state prison term of 10 years based on the section 12022.5 violation for aggravated use of a gun, an indeterminate life term without the possibility of parole, and two consecutive indeterminate life terms with the possibility of parole. (Lodged Doc. Nos. 1-2.)

On September 30, 1999, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. (Lodged Doc. No. 2.) Petitioner filed a petition for review in the California

---

[1] Kelly Harrington is the current Warden of Kern Valley State Prison and not Mike Knowles. Accordingly, Respondent's request to substitute Kelly Harrington as Respondent in this matter pursuant to Rule 25(d) of the Federal Rules of Civil Procedure is granted. See Brittingham v. United States, 982 F.2d 378, 379 (9th Cor. 1992).

[2] All further references are to the California Penal Code unless otherwise indicated.

1

Supreme Court which was denied on December 15, 1999. (Lodged Doc. Nos. 3-4.)

Thereafter, Petitioner filed four pro se state post-conviction collateral petitions.[3] The first petition for writ of error coram nobis was filed on July 11, 2006, in the California Court of Appeal, Fifth Appellate District. (Lodged Doc. No. 5.) The petition was denied on July 27, 2006. (Lodged Doc. No. 6.)

The second petition for writ of habeas corpus was filed in the California Court of Appeal, Fifth Appellate District on September 21, 2006. (Lodged Doc. No. 7.) The petition was denied on March 2, 2007. (Lodged Doc. No. 8.)

The third petition for writ of habeas corpus was filed in the Fresno County Superior Court on March 22, 2007. (Lodged Doc. No. 9.) The petition was denied on May 11, 2007, with citations to In re Robbins, 18 Cal.4th 770 (1998); and In re Clark, 5 Cal.4th 750, 774 (1993). (Lodged Doc. No. 10.)

The fourth and final petition for writ of habeas corpus was filed in the California Court of Appeal, Fifth Appellate District on March 27, 2008, which was denied on October 17, 2008. (Lodged Doc. Nos. 11-12.)

On September 10, 2007, Petitioner filed an appeal of the May 11, 2007, order denying the petition for writ of habeas corpus by the Fresno County Superior Court. (Lodged Doc. No. 13.) On April 21, 2008, the California Court of Appeal, Fifth Appellate District, dismissed the appeal. (Id.) On May 28, 2008, Petitioner filed a petition for review in the California Supreme Court, which was denied on July 9, 2008. (Lodged Doc. No. 14.)

Petitioner filed the instant federal petition for writ of habeas corpus December 10, 2008. (Court Doc. 1.) Respondent filed the instant motion to dismiss the petition on March 13, 2009. (Court Doc. 12.) Petitioner filed an opposition on April 8, 2009. (Court Doc. 15.) Respondent filed a reply on April 21, 2009. (Court Doc. 16.)

## DISCUSSION

A.     Procedural Grounds for Motion to Dismiss

---

[3] All of the dates utilized in this order apply the benefit of the mailbox rule. See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on March 3, 2008, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the California Supreme Court denied the petition for review on December 15, 1999. Direct review became final on March 14, 2000, when the time expired for filing a petition for writ of certiorari with the United States Supreme Court. The one-year limitations period commenced running the following day—March 15, 2000. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.) Thus, the last day to file a federal petition was on March 14, 2001, plus any time for tolling. Therefore, absent a valid basis for tolling, the instant federal petition filed on December 10, 2008, is untimely.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000).

Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

Here, Petitioner did not file any state collateral action within the limitations period. His first state post-conviction challenge was not filed until July 11, 2006, five years after the statute of limitations expired on March 14, 2001. The filing of Petitioner's first through fourth petitions do not serve to toll or restart the limitations period because the limitations period expired, the first through fourth state petitions did not revive it. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). In addition, Petitioner would not be entitled to tolling for the interval between his first and second state habeas petitions because they were filed successively in the same court, rather than being filed in an ascending state court. Delhomme v. Ramirez, 340 F.3d 817, 821 n.3 (9th Cir. 2003); Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003); see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). Moreover, the third state petition was explicitly found to be untimely by the state superior court, as it was denied with citations to In re Robbins, 18 Cal.4th 770 (1998) and In re Clark, 5 Cal.4th 750, 774 (1993), and therefore could not serve to toll the limitations period. See Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005) (finding that a petition denied as untimely is not properly filed and cannot toll the limitations period); see also Thorson v. Palmer, 479 F.3d 643 (9th Cir. 2007).

D.  Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac.

Enters., 5 F.3d 391, 395 (9th Cir.1993).

Petitioner has raised no argument as to how or why the limitations period should be equitably tolling. Petitioner's claim that the underlying merits of his petition override any claim that it is untimely, is without merit because the merits of the federal petition are not relevant to whether extraordinary circumstances exist justifying the late filing of the habeas petition; showing of extraordinary circumstances related to filing of the petition itself is required. Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1314-15 (11th Cir. 2001); Escamilla v. Jungwirth, 426 F.3d 868 (7th Cir.2005) (Even "[p]risoners claiming to be innocent . . . must meet the statutory requirement of timely action."). Accordingly, the instant petition for writ of habeas corpus must be dismissed with prejudice as untimely.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the instant petition for writ of habeas corpus as untimely under 28 U.S.C. § 2244(d) be GRANTED; and,

2. The instant petition for writ of habeas corpus be DISMISSED with prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: April 22, 2009**        **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE